UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT W. RUSSELL, | ) | CASE NO. 1:06 CV 485 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | |
| | ) | **MEMORANDUM OPINION** |
| RESPONDENT. | ) | |
| | ) | |

On March 3, 2006, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, alleging fifteen (15) grounds for relief. (Doc. No. 1.) Respondent filed a Return of Writ on June 19, 2006. (Doc. Nos. 11-14.) The Court referred the matter to Magistrate Judge Baughman, who issued his Report and Recommendation ("R&R") on April 4, 2008. (Doc. No. 50.) Petitioner Robert W. Russell has filed his objections. (Doc. No. 52.) For the following reasons, the R&R is **ADOPTED** and the petition for writ of habeas corpus (Doc. No. 1) is **DISMISSED IN PART** and **DENIED IN PART**.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2003, following a jury trial, Petitioner was convicted on several counts relating to his repeated sexual abuse of his step-daughter. He was sentenced to seven consecutive life terms on charges of rape and felonious sexual penetration, plus several shorter concurrent terms on other charges.

Petitioner, represented by a public defender, timely appealed, raising six assignments of error:

1. Robert Russell was denied his constitutional right to a fair and unbiased jury by the repeated introduction of prejudicial other acts evidence in the state's case in chief.

2. Robert Russell has been denied of [sic] his liberty without due process of law by his conviction in the case at bar, as the state of Ohio lacked jurisdiction to bring him to trial in violation of his constitutional right to a speedy trial.

3. Robert Russell has been deprived of his constitutional right not to be put in jeopardy two times for the same offense by his conviction for kidnapping in the case at bar, as such convictions are allied offenses of similar import to other crimes for which Mr. Russell was also convicted.

4. Robert Russell was denied his due process rights to a fair trial when the trial court permitted a witness whose name had not been disclosed to the defense during discovery.

5. Robert Russell was denied his constitutional right to effective assistance of counsel by the numerous instances in which counsel's representation fell below any objective level of competence.

6. The trial court erred and denied Robert Russell his constitutional right to a fair and impartial jury when it permitted the jury to ask the witnesses questions.

The state appellate court overruled five of these assignments of error and found the third assignment to have been waived.

Petitioner then filed a *pro se* appeal to the Ohio Supreme Court, presenting six propositions of law:

1. Where a conviction is obtained through the use of "other acts" evidence which is unrelated to the case at bar and is not either part of the immediate background or inexplicably [sic] related to the allegations being tried, the conviction violates the constitutional right to a fair and unbiased jury; [sic] requiring reversal.

2

> 2. Where excessive pre-indictment delay impairs the ability to prepare a defense, due process is violated.
>
> 3. A trial court has an affirmative duty to conduct voir dire prior to the sentence imposition to determine whether two or more offenses are allied offenses of similar import and failure of trial counsel to object at sentencing does not obviate the court's duty, nor waive the issue for appellate review.
>
> 4. When the prosecution deliberately conceals the identity of a prosecution witness by substituting the last name of a witness in discovery, the trial court errs and abuses its discretion in failing to exclude that testimony at trial.
>
> 5. When a jury in a criminal case is invited to ask questions of witnesses, it converts the jury from a role as a neutral fact finder into active participants in the adversarial testing process and violates the defendant's right to a fair trial by an impartial jury.

On March 2, 2005, the Ohio Supreme Court denied Petitioner leave to appeal, dismissing the matter as not involving any substantial constitutional question.

Prior to receiving the Ohio Supreme Court's ruling, on November 15, 2004, Petitioner filed a *pro se* application under Ohio R. App. P. 26(B) to reopen his direct appeal. He asserted the following seven assignments of error that had not been raised in his original appeal, allegedly due to the ineffectiveness of his appellate counsel:

> 1. The trial court erred as a matter of law in denying the motion to dismiss the indictment in this case based on the expiration of the statute of limitations under O.R.C. § 2901.13.
>
> 2. Appellant's right to a fair trial and to due process of law were violated by the repeated instances of prosecutorial misconduct which so infected the trial as to render the entire proceedings unfair.
>
> 3. The trial court erred and abused its discretion in refusing to grant the motion to dismiss the indictment for lack of specificity, where the lack of specificity prevented the preparation of an adequate defense.

3

    4.    Appellant was denied a fair trial and due process of law by the admission of a prior consistent statement by the hearsay testimony of surprise witness designed to bolster the impeached claims of the accuser, without the necessary ingredient of a claim of "recent fabrication" as an exception to the preclusionary rule under Ev.R.801(D)(1)(b).

    5.    The trial court erred in imposing fines upon appellant in the absence of first conducting any inquiry as to his present or future ability to pay such fines.

    6.    The trial court erred as a matter of law in failing to conduct a voir dire before imposing multiple consecutive sentences for allied offenses of similar import, in violation of appellant's right to due process of law.

    7.    The limiting instruction given by the trial court for the introduction of other acts testimony was erroneous, and violated due process of law, and appellant was denied the effective assistance of counsel for failing to object.

After the State opposed the motion to reopen, Petitioner moved to supplement his motion with two additional claims. The court denied Petitioner's motion to reopen and, by separate order, indicated that it would deny the motion to supplement even though it actually did consider the two additional claims. Petitioner timely appealed raising three propositions of law:

    1.    The court of appeals erred when it dismissed the application on grounds that the issues contained therein were barred by the doctrine of res judicata.

    2.    The court of appeals erred when it dismissed the application as insufficient.

    3.    The court of appeals erred in denying appellant's motion to supplement the application with additional assignments of error.

On October 5, 2005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.

Petitioner also pursued other post-conviction proceedings in State court. While his original direct appeal was pending, wherein he was represented by counsel, on July 14, 2004 Petitioner filed a *pro se* motion to vacate or set aside the conviction on grounds of actual innocence, ineffective assistance of trial counsel, and in the interest of justice. The State argued that all of the claims were barred by *res judicata*. This petition, which contains no issues or claims presented here, remains unresolved in State court.

Petitioner also filed a motion pursuant to Ohio Crim. R. 16(B)(3) to dismiss the indictments because of pre-indictment delay and prosecutorial misconduct before the grand jury. Again the State argued that the claims were barred by *res judicata*. This motion remains unresolved in State court.

Petitioner filed the instant motion asserting the following fifteen grounds for relief:

1. Petitioner was denied a fair trial by an unbias[ed] jury by repeated introduction of prejudicial "other acts" of [sic] evidence, (uncharged).

2. Petitioner was denied his rights to a speedy trial.

3. Petitioner was denied his right not to be put in jeopardy twice for the same offense and counsel's failure to object renders counsel ineffective.

4. The prosecution failed to disclose evidence favorable to the defendant.

5. Petitioner was denied effective assistance of counsel.

6. Petitioner was denied a fair trial by an impartial jury, when the jury was permitted to ask the witnesses questions.

7. Petitioner was denied due process by the excessive pre-indictment delay which impaired the ability to prepare a defense.

5

8. Petitioner was denied due process when the statute of limitations had expired to indict petitioner.

9. Petitioner was denied a fair trial due to prosecutorial misconduct.

10. Petitioner was denied due process when the indictment lacked specificity in order for petitioner to prepare for a defense rendering the indictment insufficient.

11. Petitioner was denied a fair trial by the admission of hearsay testimony designed to bolster the impeached accuser.

12. Petitioner's consecutive sentences are contrary to law, when the offenses are allied offenses of similar import.

13. Petitioner was denied the effective assistance of counsel, when counsel failed to object to the limiting instruction of similar acts of [sic] evidence.

14. The evidence was insufficient to classify petitioner as a sexual predator when the evidence was not clear and convincing.

15. The trial court abused its discretion by limiting cross examination of the accuser, denying petitioner a fair trial, denying petitioner the right to confront his accuser.

After full briefing, the Magistrate Judge issued his R&R recommending as follows:

1. Grounds 14 and 15 are unexhausted, but should be addressed on the merits and then denied;

2. Ground 6 is non-cognizable here, inasmuch as jury questioning is a state law matter committed to the discretion of the state trial judge, and so this claim should be dismissed;

3. Part of ground 3, as well as all of grounds 7 through 13, are procedurally defaulted and so also should be dismissed; and

4. Grounds 1 through 6, excepting that part of ground 3 which was procedurally defaulted, were properly denied by the Ohio appeals court in a decision that was not an unreasonable application of, nor contrary to, clearly established federal law.

6

Petitioner has filed his objections (Doc. No. 52) and Respondent has apparently declined to file any response.[1] The matter is now ripe for this Court's determination.

## II.

### STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to determinations made by the appellate state courts in petitioner's case, this Court has a very limited scope of review. In Section 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Where a ruling in state court is "on the merits," this Court must give deference to the state court. *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006); *see also McKenzie v. Smith*, 326 F.3d 721, 726-27 (6th Cir. 2003).

---

[1] Under Fed. R. Civ. P. 72(b)(2), a response to any party's timely filed objections is due "within 10 days after being served with a copy." Petitioner's objections contain a certificate of service representing that a copy of the objections was sent by ordinary mail to Respondent's counsel "on May ___ 2008." Presumably, it was mailed to the Clerk of Court and Respondent's counsel on the same day and, therefore, was received by both on the same day. The Clerk received the objections on May 13, 2008, as reflected by the time stamp on the docket. Therefore, at the latest, any response to the objections would have been due on or about May 28, 2008, allowing 10 days from service and not counting weekends or holidays. As a precaution, the Court waited a little longer before concluding that no response would be filed.

## III.

## DISCUSSION

Petitioner has filed a document styled as Objections and Exceptions to the Magistrate Judge's Report and Recommendation. (Doc. No. 52.) Sprinkled among 68 pages of superfluous argument are the following statements identified as objections:

1. Exhaustion can be achieved through direct appeal or Ohio's post-conviction relief statute.

2. Petitioner's claims of ineffective assistance of counsel could not have been raised on direct appeal.

3. The Magistrate Judge's recommendation and failure to grant a stay and abeyance was unreasonable.

4. The Magistrate Judge erred in not permitting Petitioner to fully develop the ineffective assistance of counsel claims in pending state post-convictions.

5. The Magistrate Judge erred in determining Petitioner's ground five, ineffective assistance of trial counsel, should be denied.

6. [There is no objection number 6.]

7. The Magistrate Judge erred when he determined the unexhausted grounds fourteen and fifteen are without merit.

8. The Magistrate Judge erred when he determined grounds seven through fifteen are procedurally defaulted and denied the motion for an evidentiary hearing.

9. The Magistrate Judge erred when he denied Petitioner's motion for the production of complete state records.

10. The Magistrate Judge erred by determining part of ground three should be dismissed.

11. The Magistrate Judge erred by determining that grounds one through six should be denied.

12. The Magistrate Judge erred when he denied relief pertaining to other acts.

      13.    The Magistrate Judge erred regarding admission of a surprise witness.

Not a single one of these "objections" is linked to any of the four conclusions in the R&R. (*See* Doc. No. 50, R&R at page 17.) While it is true that the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," Fed.R.Civ.P. 72(b)(3), the Court has absolutely no duty to sort through 68 pages of discussion devoted to a variety of legal issues, from exhaustion to procedural default to ineffective assistance of counsel and more, in order to locate objections to the R&R. Under the rule, that burden is entirely on the Petitioner, who must file "specific written objections." Courts have not required *de novo* review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citing *United States v. Mertz*, 376 U.S. 192 (1964); *Pendleton v. Rumsfeld*, 628 F.2d 102 (D.C.Cir.1980).)

Here, although petitioner has generally identified his objections, he has failed to articulate any specific arguments linked to the R&R's conclusions and has equally failed to state *why* he might challenge any or all of these conclusions. He simply states without clear explanation that the R&R "erred" with respect to the various grounds.

Under these circumstances, the Court concludes that Petitioner has not filed proper objections within the meaning of Fed.R.Civ.P. 72 and, therefore, the Court need not conduct a *de novo* review.

That having been said, the Court has read and carefully considered the Magistrate Judge's R&R and finds it to be well-reasoned, supported by proper citation to the relevant law and to the record of this case, and correct in all regards.

## IV.

## CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner has failed to raise any proper, specific objection to any of the four conclusions in the R&R. Therefore, the Court **ADOPTS** the Report and Recommendation in all respects and will **DISMISS** this petition for writ of habeas corpus.

Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith and, pursuant to 28 U.S.C. § 2253(c), that a certificate of appealability will not be granted because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."

**IT IS SO ORDERED**.

Dated: June 26, 2008

          **HONORABLE SARA LIOI**
          **UNITED STATES DISTRICT JUDGE**